# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ROBERT A. SUCHY : CHAPTER 7
a/k/a Robert Andrew Suchy :
a/k/a Robert Suchy, : CASE NO. 5:23-bk-01981
:
Debtor. : JUDGE CONWAY

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

ROBERT A. SUCHY, : ADVERSARY NO. 5:23-ap-00069
:
Plaintiff, : JUDGE CONWAY
:
v. : ELECTRONICALLY FILED
:
GEISINGER, :
:
Defendant. :

## DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6), Defendant Geisinger Community Medical Center (misidentified in the Complaint as Geisinger), by and through its undersigned counsel, hereby moves to dismiss Plaintiff Robert A. Suchy's Adversary Complaint for failure to state a claim upon which relief can be granted and, in support thereof, avers as follows:

1

# BACKGROUND[1]

1.      On October 26, 2023, Plaintiff Robert Suchy filed the instant Adversary Complaint against Geisinger Community Medical Center.  (ECF 1.)

2.      In that Complaint, Plaintiff alleges the following facts:

      a.      On September 1, 2023, Plaintiff filed a Voluntary Petition for Bankruptcy under Title 11 of the United States Code, Chapter 7. (*Id.* at ¶ 1.)

      b.      On September 5, 2023, Geisinger Community Medical Center was served by email with a Notice of 341 Meeting of Creditors. (*Id.* at ¶ 3.)

      c.      On October 11, 2023, Geisinger Community Medical Center forwarded to Plaintiff a billing statement.  (*Id.* at ¶ 4.)

3.      Plaintiff alleges that Geisinger Community Medical Center's conduct violates the automatic stay as codified at 11 U.S.C. § 362 and seeks an Order (a) adjudging Geisinger in civil contempt and (b) awarding damages, including punitive damages and attorney's fees and costs.  (*Id.* at WHEREFORE Clause, ¶¶ 1-2.)

---

[1] Geisinger Community Medical Center accepts the truth of Plaintiff's allegations for purposes of this motion only.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4. Pursuant to Rules 7012(a) and 9006(a)(1)(C) of the Federal Rules of Bankruptcy Procedure, Defendant Geisinger Community Medical Center's responsive pleading is due November 27, 2023.

## LEGAL STANDARD

5. Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rules Civil Procedure 12(b)-(i) applicable to bankruptcy proceedings.

6. Federal Rule of Civil Procedure 12(b)(6) provides that a party may file a motion for "failure to state a claim upon which relief can be granted."

7. In considering a motion to dismiss under Rule 12(b)(6), a court should assume the veracity of well-pleaded factual allegations in the complaint and then determine whether they plausibly give rise to an entitlement to relief. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (citation and quotation marks omitted).

8. To survive a motion to dismiss, a plaintiff must "plead more than the possibility of relief," but rather the complaint must "show[] . . . an entitlement with its facts." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

## ARGUMENT

9. Plaintiff's Adversary Complaint should be dismissed because Plaintiff does not, and cannot, allege injury from any purported violation of the automatic stay.

3

10. Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

11. A claim for violation of the automatic stay has the following elements: "First, the offending party must have violated the automatic stay. Second, the violation of the stay must have been willful. Finally, the willful violation must have caused Debtors some injury." *In re Miller*, 447 B.R. 425, 433 (Bankr. E.D. Pa. 2011) (quoting *Wingard v. Altoona Reg'l Health Sys. (In re Wingard)*, 382 B.R. 892, 900 n.6 (Bankr. W.D. Pa. 2008)).

12. Here, Plaintiff, does not, and cannot, allege injury as a result of Geisinger's alleged violation of the automatic stay.

13. Such failure is fatal to his claim under Section 362(k)(1) of the Bankruptcy Code. *See In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011) (rejecting motion for sanctions under Section 362(k)(1) because "[w]ithout injury, Debtors are missing the critical third element"); *In re Traversa*, 585 B.R. 215, 221 (Bankr. E.D. Pa. 2018) ("Debtor's claim fails because he has not alleged any injury for these willful violations."); *see also City of Phila. v. Walker*, No. 15-1685, 2015 WL 7428501, at *3 (E.D. Pa. Nov. 23, 2015) (noting that "Section 362(k)(1) makes

4

clear that injury is a condition precedent to any request for actual damages" including costs, attorneys fees and punitive damages).

14. Plaintiff's Adversary Complaint also contains a request for, *inter alia*, punitive damages.

15. To the extent that the Court declines to dismiss the Adversary Complaint in its entirety, Plaintiff's request for punitive damages, not supported by any facts, should be stricken.

16. Punitive Damages "are 'reserved . . . for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief.'" *In re Wagner*, 74 B.R. 898, 903–04 (Bankr. E.D. Pa. 1987) (quoting *Cochetti v. Desmond*, 572 F.2d 102 (3d Cir.1978)). "To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *Id.*

17. Plaintiff fails to allege that Geisinger actually knew that its action was in violation of the automatic stay and/or acted with reckless disregard of same.

18. Any request for punitive damages should therefore be dismissed. *See Boring v. Google Inc.*, 362 Fed. Appx. 273, 283 (3d Cir. Pa. 2010) (affirming trial court's decision to grant defendant's motion to dismiss plaintiffs' claim for punitive damages because the complaint "fails to allege conduct that is outrageous or

5

malicious"); *Latuska v. Sethuraman*, No. 15-208, 2016 WL 4082738, at *7 (W.D. Pa. July 29, 2016) (granting motion to dismiss where facts "do not rise to the level of outrageous conduct required under Pennsylvania law to warrant punitive damages"); *Fedor v. Van Note-Harvey Assocs.*, No.09-4932, 2011 WL 1043817, at *2 (E.D. Pa. Mar. 18, 2011) (dismissing claim for punitive damages where "plaintiff's complaint contains no specific allegations that would support his claim for punitive damages.").

WHEREFORE, Geisinger Community Medical Center seeks dismissal of this action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Frank J. Brier
Frank J. Brier
Richard L. Armezzani
Nicholas F. Kravitz

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Attorneys for Defendant,
Geisinger Community Medical Center

Date: November 27, 2023

6

## CERTIFICATE OF NON-CONCURRENCE

I, Frank J. Brier, hereby certify that concurrence was sought from counsel for

Plaintiff in this Motion.  Mr. DeLuca does not concur in the relief sought.

/s/ Frank J. Brier
Frank J. Brier

Date:  November 27, 2023

# CERTIFICATE OF SERVICE

I, Frank J. Brier, hereby certify that a true and correct copy of the foregoing

Motion to Dismiss was served upon the following counsel of record via the Court's

ECF system on this 27th day of November 2023:

> Tullio DeLuca, Esquire
> 381 N. 9th Avenue
> Scranton, PA  18504

> /s/ Frank J. Brier
> Frank J. Brier